**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **v.** | **NUMBER 04-214** |
| **JAMES CHANCEY** | **SECTION "L" (3)** |

**ORDER & REASONS**

Before the Court is the Defendant James Chancey's Motion for Dismissal of Counts One and Five, and for Severance of Remaining Counts, and in the Alternative, for Rule 29 Dismissal of Counts One and Five and for Mistrial on the Remaining Counts (Rec. Doc. 206). For the following reasons, Defendant's motion is GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

The factual background of this case is contained in the Court's Order and Reasons dated January 20, 2006 (Rec. Doc. 150). Rather than recount the entire factual history, the Court will only discuss the facts relevant to the present motion.

On July 16, 2004, Defendants James Chancey, Richard Price, and Michael Norve were all charged in a twelve-count indictment. Count one charges that all three Defendants conspired from February 5, 1998 until July 16, 2004 to: (a) defraud the Jefferson Parish Sheriff's Office ("J.P.S.O.") by billing it for motorcycle parts that were never delivered; (b) obstruct justice in state criminal cases by burning down the Plaquemines Parish Courthouse; (c) defraud MetLife Auto and Home Insurance Company by burning down and collecting insurance proceeds on a house owned by Price in Mississippi; (d) defraud Progressive Insurance Company by burning and collecting insurance proceeds on a truck owned by Norve; and (e) possess a machine gun.

## II. PRESENT MOTION

In the present motion, Chancey alleges that Count one of the indictment is duplicitous in that it actually charges five separate conspiracies, not one over-arching conspiracy. According to Chancey, since Count one is duplicitous, Counts one and five must be dismissed.[1] Upon dismissal of Count one, Chancey further contends that the remainder of the counts must be severed in such a manner as to comply with Rules 8(a) and (b) of the Federal Rules of Criminal Procedure. Lastly, as an alternative, Chancey argues that the Court should grant a Rule 29 acquittal on Counts one and five at the close of the Government's case, and a mistrial and severance on the remaining counts.

In opposition, the Government asserts that Count one is not duplicitous as there was one over-arching conspiracy between Chancey, Price, and Norve and, thus, there is no need to dismiss Count one or five or sever the trials under Rules 8(a) and (b). Additionally, the Government argues that a Rule 29 motion for acquittal can only be raised after the Government has closed its evidence or at the close of all the evidence and, as such, Chancey's alternative Rule 29 motion is untimely.

## III. LAW AND ANALYSIS

Duplicity is "the joining in a single count of two or more distinct and separate offenses." *United States v. Cooper*, 966 F.2d 936, 939 n.3 (5th Cir. 1992) (quoting *United States v. Lyons*, 703 F.2d 815, 821 n.8 (5th Cir. 1983). Determining whether one offense is or multiple offenses are charged "is a difficult and subtle question." 1A Charles Alan Wright, Federal Practice &

---

[1] Count five charges Mr. Chancey with using fire to commit a federal felony in violation of 18 U.S.C. § 844(h). The underlying federal felony is the conspiracy to commit arson, which is alleged in Count one. Therefore, if Count one were dismissed, Count five would necessarily have to be dismissed.

Procedure § 142 (3d ed. 1999 & Supp. 2005). In the context of conspiracies, the existence of a single conspiracy or multiple conspiracies depends upon the consideration of several factors, including: (1) the persons acting, (2) the time period involved; (3) the statutes charged, (4) the nature of the activity; and (5) the places where the events occurred. *United States v. Devine*, 934 F.2d 1325, 1333 (5th Cir. 1991); *see also United States v. Broce*, 488 U.S. 563, 570-71 (1989) ("A single agreement to commit several crimes constitutes one conspiracy. By the same reasoning, multiple agreement to commit separate crimes constitute multiple conspiracies.")

Upon reviewing the indictment and the evidence presented *in camera* by the Government, the Court finds that Count one does contain five separate conspiracies, not one over-arching conspiracy.

First, the Court considers the persons acting. Count one of the indictment alleges five overt acts. Only Chancey, however, is named in the overt acts concerning defrauding the J.P.S.O., obstructing justice in state criminal cases by burning down the Plaquemines Parish Courthouse, and the possession of a machine gun. Chancey and Price are named in the overt act concerning defrauding MetLife Auto and Home Insurance Company by burning down and collecting insurance proceeds on a house owned by Price. Lastly, Chancey and Norve are named in the overt act concerning defrauding Progressive Insurance Company by burning and collecting insurance proceeds on a truck owned by Norve.

Moreover, Counts two through four, which are the substantive counts regarding the scheme to defraud the J.P.S.O., only name Chancey. Count five, which is the substantive count regarding the arson of the Plaquemines Parish Courthouse, only names Chancey. Counts seven and eight, which are the substantive counts regarding the defrauding of MetLife Auto and Home Insurance Company by burning down and collecting insurance proceeds on a house owned by

Price in Mississippi, name Chancey and Price. Counts ten and eleven, which are the substantive counts regarding the defrauding of Progressive Insurance Company by burning and collecting insurance proceeds on a truck owned by Norve, name Chancey and Norve. Count 12, which is the substantive count regarding the possession of the machine gun, only names Chancey.

Second, the Court considers the time period involved. Count one alleges a single six-year long conspiracy from "prior to February 5, 1998, and continuing through [July 16, 2004]." This six-year scheme is contradicted by the time periods of the underlying substantive counts. Counts two through four occurred on or before February 5, 1998 and continued until on or about March 31, 2003. Count five occurred on or about January 12, 2001. Counts seven and eight occurred prior to January 10, 2002 and continued until on or about January 25, 2002. Counts ten and eleven occurred prior to March 2002 and continued until in or about April 2002. Count twelve occurred on or about February 6, 2003.

Lastly, the Court considers the statutes charged, the nature of the activity, and the places where the events occurred. The crimes charged range from mail fraud (18 U.S.C. § 1341—Counts two through four, seven, and ten), to use of fire to commit a federal felony (18 U.S.C. § 844(h)—Counts five, eight, and eleven), to interstate travel to aid racketeering (18 U.S.C. § 1952(a)(2)—Count six and nine), to possession of a machine gun (18 U.S.C. §§ 922(o) and 924(a)(2)—Count twelve). The nature of the activity involves defrauding the J.P.S.O., defrauding two insurance companies, burning down a courthouse to obstruct justice, burning down a house, burning a car, traveling across state lines to burn down a house and car, and possessing a machine gun. The places where the events occurred range from Gretna, Louisiana, to Belle Chasse, Louisiana, to Point a la Hache, Louisiana, to Jayess, Mississippi.

All of the previously listed information is contained on the face of the indictment. From

it, other than the allegation that all three Defendants conspired to commit all the underlying substantive crimes, it appears that Count one actually consists of five separate conspiracies. The overt acts alleged in Count one and the other substantive counts show that there were multiple conspiracies, involving different persons, committed at different times, committed in different places, and involving different activities. Moreover, the evidence presented *in camera* by the Government does not lead the Court to a different conclusion. Instead, it confirms the Court's ruling. Therefore, the Court finds that Count one is duplicitous.

At oral argument, the Government argued that Chancey's involvement in all of the overt acts and all of the underlying substantive counts is enough to transform the five separate conspiracies into one over-arching conspiracy. The Court disagrees finding that the Government's position is contrary to conspiracy law. To conclude otherwise, as Chancey pointed out at oral argument, would allow the Government to write an indictment beginning on the date of Chnacey's birth and proceeding to the day of his arrest charging Chancey and everyone he ever conspired to do anything illegal with as part of the same conspiracy. More is required. Instead, the Court finds that there were multiple agreements to commit separate crimes and, thus, multiple conspiracies. *Broce*, 488 U.S. at 570-71.

Having found that Count one is duplicitous, the Court must fashion an appropriate remedy. Originally, Mr. Chancey asserted that the Court must dismiss Count one of the indictment. At oral argument and in his reply brief, however, Mr. Chancey backed away from this extreme position and candidly admitted that the Government must elect how to proceed with its case. The Court agrees that the Government must now elect how to proceed with its case. *United States v. Hicks*, 529 F.2d 841, 843 (5th Cir. 1981); *United States v. Goodman*, 285 F.2d 378, 380 (5th Cir. 1960); 1A Charles Alan Wright, Federal Practice & Procedure § 145.

Since the Government must now elect how to proceed with its case, Mr. Chancey's Rule 8 misjoinder motion cannot presently be decided because it is unknown how the Government will proceed.[2] Lastly, Mr. Chancey's Rule 29 is denied as untimely since it may only be brought after the close of the Government's evidence or upon the close of all the evidence. Fed. R. Crim. Proc. 29(a).

## IV. CONCLUSION

For the foregoing reasons, the Defendant James Chancey's motion is GRANTED IN PART AND DENIED IN PART. IT IS FURTHER ORDERED that a status conference shall be held on July 12, 2006 at 3:30 p.m. to discuss the Government's election.

New Orleans, Louisiana, this 28th day of June, 2006.

Eldon E. Fallon
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Mr. Chancey's motion can be construed as a Rule 14(a) motion, it is denied for the same reasons.